CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
VANESSA MEIJA, *individually and on behalf of others similarly situated,*

                         *Plaintiff,*

        -against-

PINERY CLEANERS INC. (D/B/A ACE CLEANERS) and WON K. CHO AKA JAMES CHO,

                         *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Vanessa Meija ("Plaintiff Meija" or "Ms. Meija"), individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal, P.C., upon her knowledge and belief, and as against Pinery Cleaners Inc. (d/b/a Ace Cleaners), ("Defendant Corporation") and Won K. Cho aka James Cho, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Meija is a former employee of Defendants Pinery Cleaners Inc. (d/b/a Ace Cleaners) and Won K. Cho aka James Cho.

2. Defendants owned, operated, or controlled a laundromat, located at 15 Cliff St., New York, NY 10038 under the name "Ace Cleaners".

3. Upon information and belief, individual Defendant Won K. Cho aka James Cho, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4. Plaintiff Meija was employed as a manager at the laundry service located at 15 Cliff St., New York, NY 10038.

5. At all times relevant to this Complaint, Plaintiff Meija worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Meija appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants failed to pay Plaintiff Meija wages on a timely basis.

8. In this regard, Defendants have failed to provide timely wages to Plaintiff Meija.

9. Defendants' conduct extended beyond Plaintiff Meija to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Meija and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Meija now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Meija seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Meija's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Meija was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Vanessa Meija ("Plaintiff Meija" or "Ms. Meija") is an adult individual residing in Queens County, New York.

16. Plaintiff Meija was employed by Defendants at Ace Cleaners from approximately June 2015 until on or about March 15, 2020 and then from approximately May 2020 until on or about May 2020.

17. Plaintiff Meija consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 15 Cliff St., New York, NY 10038 under the name "Ace Cleaners".

19. Upon information and belief, Pinery Cleaners Inc. (d/b/a Ace Cleaners) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 15 Cliff St., New York, NY 10038.

20. Defendant Won K. Cho aka James Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Won K. Cho aka James Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Won K. Cho aka James Cho possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Meija, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a laundromat located in the Financial District of Manhattan in New York City.

22. Individual Defendant, Won K. Cho aka James Cho, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Meija's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Meija, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Meija (and all similarly situated employees) and are Plaintiff Meija's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Meija and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Won K. Cho aka James Cho operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Meija's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Meija, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Meija's services.

29. In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Meija is a former employee of Defendants who was employed as a manager. Plaintiff Meija seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Vanessa Meija*

32. Plaintiff Meija was employed by Defendants from approximately June 2015 until on or about March 15, 2020 and then from approximately May 2020 until on or about May 2020.

33. During the month of March 2020, Plaintiff Meija missed a week and a half of work due to surgery.

34. Defendants employed Plaintiff Meija as a manager.

35. Plaintiff Meija regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

36. Plaintiff Meija's work duties required neither discretion nor independent judgment.

37. Throughout her employment with Defendants, Plaintiff Meija regularly worked in excess of 40 hours per week.

38. From approximately June 2015 until on or about March 15, 2020, Plaintiff Meija worked from approximately 7:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays and from approximately 8:00 a.m. until on or about 6:00 p.m., on Saturdays (typically 70 hours per week).

39. From approximately May 15, 2020 until on or about April 2021, Plaintiff Meija worked from approximately 9:00 a.m. until on or about 5:00 p.m., Mondays through Saturdays (typically 40 hours per week).

40. From approximately April 2021 until on or about May 2022, Plaintiff Meija worked from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Saturdays (typically 60 hours per week).

41. Throughout her employment, Defendants paid Plaintiff Meija her wages in cash.

42. From approximately June 2016 until on or about April 2017, Defendants paid Plaintiff Meija a fixed salary of $600 per week.

43. From approximately April 2017 until on or about March 2020, Defendants paid Plaintiff Meija a fixed salary of $650 per week.

44. From approximately May 2020 until on or about February 2021, Defendants paid Plaintiff Meija a fixed salary of $600 per week.

45. From approximately February 2021 until on or about December 2021, Defendants paid Plaintiff Meija a fixed salary of $650.

46. From approximately January 2022 until on or about May 10, 2022, Defendants paid Plaintiff Meija a fixed salary of $700.

47. Defendants never granted Plaintiff Meija any breaks or meal periods of any kind.

48. Plaintiff Meija was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

49. Defendants took improper and illegal deductions of Plaintiff Meija's wages; specifically, Defendants deducted approximately $150-$250 from Plaintiff Meija's weekly wages as coverage if customers' clothes would go missing.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Meija regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Meija an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Meija, in English and in Spanish (Plaintiff Meija's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Meija (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

54. Plaintiff Meija was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

55. Defendants' pay practices resulted in Plaintiff Meija not receiving payment for all her hours worked, and resulted in Plaintiff Meija's effective rate of pay falling below the required minimum wage rate.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants paid Plaintiff Meija her wages in cash.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Meija (and similarly situated individuals) worked, and to avoid paying Plaintiff Meija properly for her full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Meija and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Meija and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Meija and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Meija brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Meija and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Meija stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Meija's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Meija (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Meija (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Meija (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Meija (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Meija (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Meija (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Meija (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Meija's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Meija, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Meija less than the minimum wage.

81. Defendants' failure to pay Plaintiff Meija the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Meija was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

83. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Meija overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff Meija overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Meija was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Meija with a written notice, in English and in Spanish (Plaintiff Meija's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Meija in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90. Plaintiff Meija repeats and realleges all paragraphs above as though fully set forth herein.

91. With each payment of wages, Defendants failed to provide Plaintiff Meija with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Meija in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
## OF THE NEW YORK LABOR LAW

93. Plaintiff Meija repeats and realleges all paragraphs above as though set forth fully herein.

94. At all relevant times, Defendants were Plaintiff Meija's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

95. Defendants made unlawful deductions from Plaintiff Meija's wages; specifically, Defendants deducted approximately $150-$250 from Plaintiff Meija's weekly wages as coverage if customers' clothes would go missing .

96. The deductions made from Plaintiff Meija's wages were not authorized or required by law.

97. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Meija's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

98. Plaintiff Meija was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

99. Plaintiff Meija repeats and realleges all paragraphs above as though set forth fully herein.

100. Defendants did not pay Plaintiff Meija on a regular weekly basis, in violation of NYLL §191.

101. Defendants are liable to Plaintiff Meija in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Meija respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Meija and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Meija and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Meija's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Meija and the FLSA Class members;

(f) Awarding Plaintiff Meija and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Meija and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Meija;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Meija;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Meija;

(k) Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Meija's compensation, hours, wages and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Meija;

(n) Awarding Plaintiff Meija damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(o)     Awarding Plaintiff Meija damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Meija liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Meija and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Meija and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Meija demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 9, 2023

CSM Legal, P.C

By:     /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

catalina@csmlegal.com

June 2, 2022

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Vanessa Mejia

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:   _[signature]_

Date / Fecha:   2nd of June 2022

*Certified as a minority-owned business in the State of New York*